Bela William Keller and Gene Mae Keller v. Commissioner.
Keller v. Commissioner
Docket No. 68656.
United States Tax Court
T.C. Memo 1959-218; 1959 Tax Ct. Memo LEXIS 29; 18 T.C.M. (CCH) 1056; T.C.M. (RIA) 59218; November 24, 1959
Bela William Keller, pro se, 1044 Seymour Avenue, Columbus, O. Conley G. Wilkerson, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: This proceeding involves a deficiency in income tax and additions thereto for the year and in the amounts set forth below: Additions to
Tax 1939 Code
Section
294(d)
Section
Year
Deficiency
(1)(A)
294(d)(2)
1954
$1,102.88
$68.24
$48.17
*30 The issues for decision are: (1) whether the amount of $3,460, constituting a per diem allowance paid petitioner by his employer, was deductible as an "away from home" travelling expense within the meaning of section 162(a)(2) of the 1954 Internal Revenue Code; and (2) whether the amount of $360, constituting a reimbursement of automobile expenses, was deductible by petitioner as a reimbursement of expenses incurred for the benefit of his employer, or represented personal commuting expenses expressly made non-deductible by section 262. Findings of Fact Bela William Keller (hereinafter referred to as the petitioner) and Gene Mae Keller, husband and wife, filed their joint Federal income tax return for the taxable year 1954 with the district director of internal revenue at Columbus, Ohio. In 1951 petitioner was employed at the Columbus, Ohio headquarters of North American Aviation, Inc. as a field service representative. His duties required him to render services to customers away from Columbus at the request of North American. On November 9, 1953, petitioner was assigned by North American to Norfolk, Virginia, to render services at the Naval Air Station *31 located there. At the time of this assignment, petitioner did not know how long he would be required to remain in Norfolk. As it developed, this assignment continued until January 1956. For a number of years prior to the Norfolk assignment, petitioner and his family resided with his mother-in-law in her home in Columbus, Ohio, for which they paid her rent. Upon embarking on the Norfolk assignment, petitioner left his household furniture with his mother-in-law. Petitioner's family accompanied him to Norfolk. At first they rented quarters; then, in either March or April of 1954, they purchased a home. While petitioner was away from Columbus, he made no rental payments to his mother-in-law. When the North American assignment in Norfolk terminated, petitioner and his family returned to Columbus. During 1954, petitioner was in Columbus on only two occasions. Both trips were business trips made at the request of North American; one lasting a week, and the other two weeks. Petitioner was required to spend a normal working day at the Naval Air Station, conducting a training school and rendering technical services to the Navy. His hours paralleled those of base personnel in general, *32 except that he was on 24-hour call from North American. Further, it was necessary for him to prepare reports for North American at his home in Norfolk after returning from a day's work at the Naval Air Station. It was customary for North American to pay its field representatives a per diem allowance, for expenses, of $10 per day while out of the Columbus area. Further, it reimbursed its field representatives for automobile expenses at the rate of 8 cents per mile. During 1954, petitioner received both these allowances; the per diem amounting to $3,460, and, insofar as material herein, the automobile reimbursement amounting to $360. This latter figure was based on the miles which petitioner drove his personal automobile in travelling between his home in Norfolk and the Naval Air Station and its environs. On their 1954 Federal income tax return petitioner and his wife returned as gross income the amount of $7,158.24 as wages received from North American and noted thereon that they had received reimbursed expenses in the amount of $3,460. After adjusting their gross income for various deductions not material hereto, they returned the amount of $3,117.31 as their taxable income. *33 Respondent determined that petitioner and his wife received an additional $4,486.89 which was properly includible in their gross income for 1954. He further determined that of this amount, $666.89 constituted deductible reimbursed expenses, and consequently allowed this deduction in this amount in determining the instant deficiency. As a result, his determination had the effect of including in their taxable income the amount of $3,820 ($4,486.89 less $666.89), which is agreed to represent the $3,460 per diem allowance and the $360 reimbursed automobile expenses presently in controversy. Neither petitioner nor his wife filed a declaration of estimated tax for the calendar year 1954. Petitioner's assignment to Norfolk by North American in November of 1953 was for an indefinite and indeterminate period. Opinion The first issue is whether petitioner was "away from home" during 1954 within the meaning of section 162(a)(2) of the 1954 Code. If so, the amount of $3,460, representing expenses for which he was reimbursed by the North American per diem allowance, constituted an allowable deduction under section 62 for the purposes of computing his adjusted gross income for 1954. It *34 should be noted that petitioners did not include any part of the $3,460 per diem allowance in income, inasmuch as they considered it to be a deductible trade or business expense which, if deduction therefor was taken, would result in a wash-out. Whether or not petitioner was "away from home" during 1954 depends upon where his "tax home" or principal post of duty was during that year. He maintains it was Columbus. Respondent maintains it was Norfolk. In order to prevail, petitioner must establish that the Norfolk assignment was temporary as opposed to indefinite or indeterminate in its duration. Commissioner v. Flowers, 326 U.S. 465 (1946). We believe this case to be indistinguishable from John J. Harvey, 32 T.C. - (September 30, 1959). There the taxpayer was employed at the Santa Monica, California plant of Douglas Aircraft. In December of 1952 he was assigned to Edwards Air Force Base in the Mojave Desert, 117 miles from Santa Monica, to perform services for Douglas. At the time of the assignment, neither Douglas nor the taxpayer knew the period of time which it would encompass. It was only indicated that the taxpayer was to work at the Base as long as he was needed. *35 The Edwards assignment terminated in January of 1954. Throughout the assignment, the taxpayer maintained living quarters within the area of the Base. He was joined by his family in October 1953. It was a policy of Douglas to pay all its employees in the division to which Harvey was assigned, in addition to their regular salaries, a per diem allowance of $7 during assignments away from Santa Monica. Inasmuch as, at the time of the Edwards assignment, it was unknown whether its termination would occur within a fixed or reasonably short period, we held that Harvey's employment at Edwards was "indefinite" in duration rather than "temporary" and consequently that he was not "away from home" within the meaning of the statute so as to be entitled to exclude the per diem allowance from taxable income. In our judgment the instant proceeding is controlled by John J. Harvey, supra, and on its authority we have found as a fact that petitioner's assignment to Norfolk was for an indefinite and indeterminate period of time. Consequently the $3,460 per diem allowance received from North American during 1954 constituted additional compensation for services, and the expenses which gave rise to that *36 allowance constituted non-deductible personal and living expenses. With respect to the $360 automobile reimbursement, the record reveals that this amount was paid petitioner to reimburse him for expenses incurred in driving his personal automobile between his Norfolk home and the Naval Air Station and its environs. Inasmuch as we have held petitioner's "tax home" was Norfolk, the expenses incurred driving to and from the Air Station were nothing more than commuting expenses, and thus were personal expenses expressly made non-deductible by section 262. No evidence was introduced with respect to the additions to tax under section 294(d)(1)(A) and section 294(d)(2) of the 1939 Code. The Supreme Court in Commissioner v. Acker, - U.S. - (November 16, 1959), held that an addition to tax under section 294(d)(2), in the case of a failure to file a declaration of estimated tax, was not warranted in light of the wording of the statute. Consequently, respondent's determination is sustained only as to the addition to tax under section 294(d)(1)(A). Decision will be entered under Rule 50.